IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JAH IP HOLDINGS, LLC and<br>JH INVESTMENTS, LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>DAVID MASCIO,<br>NARDI CAPITALE, LLC,<br>DELLA PAROLA CAPITAL<br>RESEARCH, LLC, and<br>DELLA PAROLA HOLDLING<br>COMPANY, LLC,<br><br>        Defendants. | Case No. 1:13-cv-02195-MSK-KLM |

---

## STIPULATED PROTECTIVE ORDER

---

Upon stipulation of the parties for an order pursuant to Fed. R. Civ. P. 26(c) that trade secret or other confidential information be disclosed only in designated ways:

    1.    As used in this Stipulated Protective Order, these terms have the following meanings:

    (a)    "Attorneys" means counsel of record;

(b) "Confidential" documents are documents designated pursuant to paragraph 2;

(c) "Confidential – Attorneys' Eyes Only" documents are the subset of Confidential documents designated pursuant to paragraph 5;

(d) "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

(e) "Written Assurance" means an executed document in the form attached as Exhibit A.

2. If a party has a good faith belief that certain documents or other materials or information subject to disclosure pursuant to a discovery or other request are confidential and should not be disclosed other than in connection with this action pursuant to Fed. R. Civ. P. 26(c), the party shall designate the document or other materials as "Confidential."

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4. Any other use is prohibited.

4. Access to any Confidential document shall be limited to:

(a) the Court and its staff;

(b) Attorneys, their law firms, and their Outside Vendors;

(c)  persons or entities shown on the face of the document to have created, authored or received it;

(d)  court reporters retained to transcribe testimony and persons operating video recording equipment at depositions;

(e)  the parties, including their officers, directors, and employees;

(f)  outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action; and

(g)  mediators jointly retained by the parties to attempt to resolve this litigation.

5. The parties shall have the right to further designate Confidential documents or materials, or portions thereof, as "Confidential – Attorneys' Eyes Only," where they have a good faith belief that the documents or materials contain highly sensitive information. Disclosure of such information shall be limited to the persons designated in paragraphs 4(a), (b), (c), (d), (f), and (g).

6. Third parties producing documents in the course of this action may also designate documents as "Confidential," or "Confidential – Attorneys' Eyes Only," subject to the same protections and constraints as the parties to the action. A copy of the Stipulated Protective Order shall be served along with any

subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential – Attorneys' Eyes Only" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of the Stipulated Protective Order.

      7.     Each person appropriately designated pursuant to paragraphs 4(f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

      8.     All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" or "Confidential – Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential – Attorneys' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of

the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential – Attorneys' Eyes Only" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

9. Any party who inadvertently fails to identify documents as "Confidential" or "Confidential – Attorneys' Eyes Only" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

10. If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Colorado for filing restricted documents and D.C.COLO.LCivR 7.2. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or "Confidential – Attorneys' Eyes Only," the parties may seek further protections against public disclosure from the Court. *KLM*

11. Any party may request a change in the designation of any information designated "Confidential" and/or "Confidential – Attorneys' Eyes Only." [*If the party is requesting a change from the Court, the party shall follow MJ Mix's discovery dispute procedures.*] Any such document shall be treated as designated until the change is

5

completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" or "Confidential – Attorneys' Eyes Only" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

12. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential" or "Confidential – Attorneys' Eyes Only," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court, all documents offered in evidence in Court and at depositions, all transcripts of testimony in Court and at depositions, all written discovery responses, and all correspondence generated in connection with the action. All such documents must continue to be kept confidential pursuant to the provisions of this Stipulated Protective Order.

13. In the event that any of the parties is subpoenaed or is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose Confidential documents that were

6

so designated by another party, the party subpoenaed or served shall object to the production of the documents by setting forth the existence of this Stipulated Protective Order and shall give prompt written notice to the party who produced the documents in this litigation. Nothing in this Stipulated Protective Order shall be construed as requiring the party from whom Confidential documents are requested to challenge or appeal any order requiring production of documents or information covered by this Stipulated Protective Order, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court. *KLM*

14. Any party may apply to the Court for a modification of the Stipulated Protective Order *pursuant to MJ Mix's discovery procedures*, and nothing in this Stipulated Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. No action taken in accordance with the Stipulated Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16. The obligations imposed by the Stipulated Protective Order shall survive the termination of this action.

Stipulated to:

Date: February 25, 2014                By:  s/ Mary Ann Novak
                                            Tracy A. Oldemeyer - #28246
                                            Mary Ann Novak - #24851
                                            CLINE WILLIMAS WRIGHT
                                              JOHNSON & OLDFATHER, L.L.P.
                                            330 South College Avenue, Suite 300
                                            Fort Collins, Colorado 80524
                                            Telephone (970) 221-2637
                                            Fax (970) 221-2638
                                            toldemeyer@clinewilliams.com
                                            mnovak@clinewilliams.com


Date: February 25, 2014                By:  s/Alan F. Blakley
                                            Alan F. Blakley, Esq.
                                            BLAKLEY JUSTICE, LLC
                                            916 South Main Street, Suite 201
                                            Longmont, Colorado 80501
                                            Telephone (303) 557-6488
                                            Fax (303) 557-6487
                                            ab@b-and-jlaw.com


IT IS SO ORDERED with the consent of the parties, this 25th day of Feb., 2014.

                                        BY THE COURT:

                                        _____
                                        Hon. Kristen L. Mix
                                        United States Magistrate Judge

8

## EXHIBIT A

## WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the city of _____, County _____, state of _____;

I am currently employed by _____ located at _____ and my current job title is _____.

I have read and believe I understand the terms of the Stipulated Protective Order dated _____, filed in Case No. 1:13-cv-02195, pending in the United States District Court for the District of Colorado. I agree to comply with and be bound by the provisions of the Stipulated Protective Order. I understand that any violation of the Stipulated Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Confidential – Attorneys' Eyes Only" obtained pursuant to such Stipulated Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Stipulated Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Stipulated Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them any documents in my possession designated "Confidential" or "Confidential –

Attorneys' Eyes Only," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the Unites States District Court for the District of Colorado for the purpose of enforcing or otherwise providing relief relating to the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____       _____
                (Date)                                       (Signature)

4834-7390-0824, v 1