IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02195-MSK-KLM

JAH IP HOLDINGS, LLC, and
JH INVESTMENTS, LLC,

    Plaintiffs/Counterclaim Defendants,

v.

DAVID MASCIO,
NARDI CAPITALE, LLC,
DELLA PAROLA CAPITAL RESEARCH, LLC, and
DELLA PAROLA HOLDING COMPANY, LLC,

    Defendants/Counterclaim Plaintiffs.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants' Motion for Leave to File an Amended Answer and Counterclaims** [#36][1] (the "Motion"). Plaintiffs filed a Response [#38] in opposition to the Motion, and Defendants filed a Reply [#39]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#36] is **GRANTED**.

## I. Background

In this action, Plaintiffs bring five claims against Defendants: copyright infringement,

---

[1] "[#36]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

contributory infringement, breach of fiduciary duty, breach of contract, and misuse of trade secrets.  *Compl.* [#1] ¶¶ 39-65.  As a result of those claims, Plaintiffs seek monetary damages, dissolution of Defendant Della Parola Capital Research, LLC ("DP Research") and disbursement of its assets, a permanent injunction, and fees and costs. *Id.* at 8.

In the Motion, Defendants seek to amend their Answer pursuant to Fed. R. Civ. P. 15(a)(2) to add counterclaims and a counterclaim defendant, Jason Hall ("Hall"), and to add additional facts in support of the existing counterclaims.  *See proposed Amended Answer to Plaintiffs' Complaint, Counterclaims, and Demand for Jury Trial* [#36] at 33-55. Defendants argue that "there are no circumstances that would justify the denial of leave to amend."  *Motion* [#36] at 3.  Defendants further argue that amendment "will not delay this litigation or prejudice Plaintiffs' ability to develop their case or defenses."  *Id.* at 4.  In addition, Defendants maintain that "there is no undue delay, bad faith or dilatory motive on the part of Defendants."  *Id.*

In their Response, Plaintiffs argue that the Motion should be denied both because Defendants failed to properly confer pursuant to D.C.COLO.LCivR 7.1(a) and because Defendants do not state under which rule they seek to add Mr. Hall.  *Response* [#38] at 1-5.  Plaintiffs also argue that "Defendants should not be allowed to refine or to make new arguments in a reply brief in an effort to cure their failure."  *Id.* at 5.  At the end of the Response, Plaintiffs include a section titled "Plaintiffs' Motion to Dismiss Counterclaims Should Be Granted."  *Id.*  This section asks the Court to grant relief requested in a separate motion [#18] that is pending before the Court.  However, this is a response, not a motion. Pursuant to D.C.COLO.LCivR 7.1(d), "[a] motion shall not be included in a response or reply to the original motion."  Accordingly, the Court will disregard this portion of the

Response as well as the portion of the concluding sentence that asks the Court to strike Defendants' counterclaims. *Response* [#378] at 6.

In their Reply, Defendants argue that they seek to amend to add Mr. Hall as a counterclaim defendant pursuant to Fed. R. Civ. P. 13(h), 19, and 20. *Reply* [#39] at 3-4. Regarding D.C.COLO.LCivR 7.1(a)'s conferral requirement, Defendants argue that they filed the Motion "[i]n light of the pending deadline . . . and Plaintiffs' counsel's clear indication that he was unavailable to discuss the matter before that deadline . . . ." *Id.* at 6. Defendants also argue that "further discussions would not have resolved this dispute." *Id.* Finally, Defendants argue that Plaintiffs will suffer no prejudice if the amendment is allowed. *Id.* at 7.

## II. Local Rules

The parties are obligated to read, understand, and comply with all Local Rules of this Court. D.C.COLO.LCivR 7.1(a) provides as follows:

> Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.

In the Motion, Defendants state:

> Pursuant to D.C.COLO.LCivR 7.1, Plaintiffs' counsel was provided with a draft of the Amended Answer and Counterclaims shortly before the close of business on January 22, 2014. On January 23, 2014, Plaintiffs' counsel responded to the draft by stating that he had not had time to analyze the document to determine whether or not Plaintiffs oppose the motion. He further indicated that he would not be able to provide any answer before the end of the day. In light of the January 23, 2014 deadline for filing requests to join a party or amend pleadings set forth in the Civil Scheduling Order (Doc. #32), Defendants have filed this Motion for Leave.

*Motion* [#36] at 1-2.

Local Rule 7.1(a)'s conferral requirement requires more than contacting opposing counsel at 4:36 p.m. the day before you intend to file a motion. *See Declaration of Mary Ann Novak, Ex. A* [#39-1] at 4 (January 22, 2014 email). Such action does not indicate that any actual conferral took place. Instead, it merely indicates that one party informed the other party that it planned to file a motion and then filed the motion. "[T]o satisfy the requirements of Rule 7.1[(a)], the parties must hold a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and must compare views and attempt to reach an agreement, including by compromise if appropriate." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003). The point of the conferral requirement is to have the parties exchange ideas regarding the requested relief and, hopefully, eliminate through discussion or compromise any issues they can before filing a motion so as to limit the issues brought before the Court. *See Carroll v. Allstate Fire and Casualty Ins. Co.*, No. 12-cv-00007-WJM-KLM, 2013 WL 5769308, at *4 (D. Colo. Oct. 24, 2013) ("The purpose of Rule 7.1[(a)] is to decrease the number and length of motions filed in each case."). The Motion is subject to denial for Defendants' violation of Rule 7.1(a). In addition, Defendants have been previously warned in this case that a similar statement regarding conferral in a different motion was insufficient, and yet they again failed to sufficiently confer. *See Minute Order* [#14] at 1 (striking Motion for Extension to File Answer or Other Responsive Pleading).

However, Plaintiffs do not argue, and there is no evidence to suggest, that further conferral would have resulted in resolution of the issues raised in the Motion, the Response, or the Reply. Further, striking the Motion or denying it without prejudice will simply result in it being re-filed after counsel engages in further conferral, which would

waste the Court's and the parties' resources. Accordingly, in the interest of expedience and judicial efficiency, the Court will consider the merits of the Motion. **However, Defendants are warned that failure to engage in meaningful conferral regarding any motion filed in this case or violation of any applicable rule or practice standard may result in the striking of any such filings without further notice or imposition of other sanctions.**

### III. Analysis

The pleading amendment deadline expired on January 23, 2014. *See Sched. Order* [#32] § 9(a). The instant Motion was filed on January 23, 2014 and is, therefore, timely. *See generally Motion* [#36]. The Court thus considers any arguments raised by the parties related to whether justice would be served by amendment. Specifically, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The purpose of Rule 15 is to afford "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (quotation omitted). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiffs do not argue that any of these exceptions apply. In the Response, Plaintiffs do argue that Defendants "failed [to file the Motion] until the last instant . . . ." *Response* [#5] at 5. However, a statement that Defendants waited to file the Motion until the deadline for filing it does not mean that Defendants unduly delayed. See *Minter*, 451 F.3d at 1206 ("The important inquiry is not simply whether [Defendants have] delayed, but whether such

delay is undue."). Without any substantive arguments concerning the standard set out in *Foman*, the Court sees no reason to deny the amendment in light of Rule 15(a)(2)'s dictate that leave to amend be granted "freely . . . when justice so requires." Accordingly, the Motion [#36] is **GRANTED**.

### IV.  CONCLUSION

For the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motion [#36] is **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that Defendants' Amended Answer to Plaintiffs' Complaint, Counterclaims, and Demand for Jury Trial, [#36] at 33-55, is accepted for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that those Plaintiffs/Counterclaim Defendants who have already been served and entered their appearances in this case shall answer or otherwise respond to Defendants' Amended Answer to Plaintiffs' Complaint, Counterclaims, and Demand for Jury Trial in accordance with Fed. R. Civ. P. 15(a)(3).

IT IS FURTHER **ORDERED** that Plaintiffs shall serve the Amended Answer to Plaintiffs' Complaint, Counterclaims, and Demand for Jury Trial on Counterclaim Defendant Jason Hall on or before **June 30, 2014**.

IT IS FURTHER **ORDERED** that Plaintiffs' Motion to Dismiss Counterclaims [#18] is **DENIED as moot**.

Dated:  June 2, 2014

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge