IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02195-MSK-KLM

JAH IP HOLDINGS, LLC, and
JH INVESTMENTS, LLC,

    Plaintiffs/Counterclaim Defendants

v.

DELLA PAROLA HOLDING COMPANY, LLC,

    Defendant, and

DAVID MASCIO,
NARDI CAPITALE, LLC, and
DELLA PAROLA CAPITAL RESEARCH, LLC,

    Defendants/Counterclaim Plaintiffs

v.

JASON HALL,

    Counterclaim Defendant.
_____

JASON HALL,

    Counterclaim Plaintiff/Third-Party Plaintiff,

v.

DAVID MASCIO, and
DELLA PAROLA CAPITAL RESEARCH, LLC,

    Counterclaim Defendants,

and

SHAWN DUNNIGEN,

    Third-Party Defendant.

1

___

## ORDER
___

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on JAH IP Holdings, LLC; JH Investments, LLC; and Jason Hall's (collectively, "Movants") **Motion to Correct Court Heading** [#59][1] (the "Motion"). David Mascio; Mardi Capitale, LLC; Della Parola Capitla Research, LLC; Della Parola Holding Company, LC; and Shawn Dunnigan (collectively, "Respondents") filed a Response [#67] in opposition to the Motion, and Movants filed a Reply [#75]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#59] is **GRANTED in part** and **DENIED in part**.

## I. Background

In this action, Plaintiffs bring five claims against Defendants: copyright infringement, contributory infringement, breach of fiduciary duty, breach of contract, and misuse of trade secrets. *Compl.* [#1] ¶¶ 39-65. As a result of those claims, Plaintiffs seek monetary damages, dissolution of Defendant Della Parola Capital Research, LLC and disbursement of its assets, a permanent injunction, and fees and costs. *Id.* at 8. On January 23, 2014, Defendants sought leave of the Court to amend their Answer pursuant to Fed. R. Civ. P. 15(a)(2) (the "Motion to Amend") to add counterclaims and a counterclaim defendant, Jason Hall ("Hall"), and to add additional facts in support of the existing counterclaims. *See*

___

[1] "[#59]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

*generally Defendants' Motion For Leave to File an Amended Answer and Counterclaims [#36]; see proposed Amended Answer to Plaintiffs' Complaint, Counterclaims, and Demand for Jury Trial* [#36] at 33-55. In their Reply in support of their Motion to Amend, Defendants argued that Mr. Hall should be added as a counterclaim defendant pursuant to Fed. R. Civ. P. 13(h), 19, and 20. *Reply to Motion to Amend* [#39] at 3-4.

On June 2, 2014, the Court granted the Motion to Amend [#36] and accepted for filing Defendants' Amended Answer to Plaintiffs' Complaint, Counterclaims, and Demand for Jury Trial [#47] (the "Amended Answer"). The Amended Answer named Mr. Hall as a counterclaim defendant.

In the instant Motion, Movants argue that Mr. Hall cannot be a counterclaim defendant because he was never a plaintiff in this action. *Motion* [#59] at 2 (arguing that Jason Hall should have been added as an involuntary plaintiff pursuant to Fed. R. Civ. P. 19(a)(2)). Movants further argue that if Mr. Hall is designated as a counterclaim defendant he will be disadvantaged because he was never a plaintiff and did not have an opportunity to engage in discovery. *Id.* at 3. They further argue that as a third-party defendant, Mr. Hall would have the "opportunity to conduct any discovery as to the validity of any claims against him personally." *Id.*

In their Response, Respondents state that they "never contended that Mr. Hall was a plaintiff" and "have never sought to add him as an involuntary plaintiff . . . ." *Response* [#67] at 3. Respondents argue that through their Amended Answer they added Mr. Hall as a counterclaim defendant pursuant to Fed. R. Civ. P. 13(h), 19, and 20. *Id.* at 4. They, therefore, conclude that "Mr. Hall was properly added as a defendant with respect to certain counterclaims and designated as a" counterclaim defendant. *Id.* at 5.

In their Reply, Movants argue that the Motion to Amend was filed pursuant to Fed. R. Civ. P. 15 and was not a motion to add a party.  *Reply* [#75] at 2.  As a result, they further argue that they "never had an opportunity to address how that party, Jason Hall, should be characterized."  *Id.*  Movants then revisit their argument that Mr. Hall "must either be an involuntary plaintiff or a third-party defendant."  *Id.*

## II. Analysis

Fed. R. Civ. P. 13(h) provides that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim."  Fed. R. Civ. P. 13(h).  This rule "applies only to persons *other than* those made parties to the original action."  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 580 n.9 (2004) (internal quotation and modification omitted) (emphasis in original).  Therefore, it is possible to add a party as a counterclaim defendant even if that party was not added as a plaintiff.  *See, e.g., Dimeo v. King of the Mountain*, No. 10-cv-01964-REB-KMT, 2011 WL 255084, at *1-2 (D. Colo. Jan. 26, 2011) (allowing addition of counterclaim defendant pursuant to Fed. R. Civ. P. 13(h), 19(a), and 20(a)); *Westwood Apex v. Contreras*, 644 F.3d 799, 802 n.1 (9th Cir. 2011) ("In accord with Federal Rule of Civil Procedure 13, the appropriate way to describe the underlying proceedings is that defendant Contreras filed a counterclaim against plaintiff/counterclaim defendant Westwood Apex and joined as *additional* counterclaim defendants Westwood College, et al." (emphasis in original) (citing Fed. R. Civ. P. 13(h)); *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333 (4th Cir. 2008) (discussing additional counterclaim defendants in the context of removal); *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 2011 WL 3664412, at * (E.D.N.C. Aug. 18, 2011) ("The magistrate judge also correctly recognized that a counterclaim, such as that now sought to be brought by [the

defendant] through realignment of the parties, may only be asserted against the [nonparties], who were not original parties to this action, if the dictates of Rule 13(h) are met.").

Fed. R. Civ. P. 20(a)(2) provides that persons may be joined as defendants when:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "Rule 20 seeks to avoid multiplicity of lawsuits and promote efficient justice." *Nat'l Fire Ins. Co. of Hartford v. Nat'l Cable Television Cooperative, Inc.*, 2011 WL 1430331, at *2 (D. Kan. April 14, 2011).

In the portion of the Amended Answer asserting the counterclaims ("Am. Answer Counterclaims"), Respondents bring five counterclaims: (1) a claim seeking declaratory judgment regarding the validity of certain copyrights, *Am. Answer Counterclaims* [#47] ¶¶ 37-44; (2) breach of contract, *id.* ¶¶ 45-54; (3) misappropriation of trade secrets, *id.* ¶¶ 55-67; (4) breach of the duty of loyalty, *id.* ¶¶ 68-71; and (5) conversion, *id.* ¶¶ 72-76. The underlying factual premise of the claims meets Rule 20(a)(2)'s requirements because the counterclaims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and" have common questions of law and fact. Fed. R. Civ. P. 20(a)(2). *See Dimeo*, 2011 WL 255084, at *1 ("Because the counterclaims against Alex DiMeo arise out of the same transaction or occurrence and questions of law or fact are common to all counterclaim defendants, permissive joinder is appropriate."); *Klein Indep. Sch. Dist. v. Hovem*, 2010 WL 1068076, at *5 (S.D. Tex. March 22, 2010).

>However, not all counterclaims may be asserted against a nonparty.
>
>Rule 13(h) only authorizes the court to join additional persons in order to adjudicate a counterclaim or cross-claim that already is before the court or one that is being asserted at the same time the addition of a nonparty is sought. This means that a counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party. If it is not directed to an existing party, neither the counterclaim nor the party to be added will be allowed in the action.

Charles Wright, Arthur Miller, and Mary Kane, *Federal Practice & Procedure* § 1435 (3d ed. 2010); *accord L&W Innovations, LLC v. Limli Const., Inc.*, No. 07-cv-00563-CBS-MJW, 2009 WL 189942, at *2-3 (D. Colo. Jan. 27, 2009); *FDIC v. Bathgate*, 27 F.3d 850, 873 & n.13 (3d Cir. 1994) (quoting Wright, Miller, and Kane); *Core 4 Kebawk, LLC v. Ralph's Concrete Pumping, Inc.*, 2011 WL 743455, at *1 (E.D. La. Feb. 22, 2011) ("[A] counterclaim asserted against an opposing party may additionally bring a non-party into the suit, subject to Federal Rules of Civil Procedure 19 and 20.").

The breach of contract counterclaim and the claim seeking declaratory judgment do not appear to be alleged against Mr. Hall. The breach of contract claim does not include any factual allegations involving Mr. Hall. *See, e.g., id.* ¶ 46 ("JH and Nardi entered into the Amended Operating Agreement."). While the declaratory judgment claim mentions Mr. Hall, it seeks "a declaration that" JAH IP Holding, LLC's copyright registrations "are void, invalid and unenforceable . . . ." *Id.* ¶ 44. Accordingly, the declaratory judgment claim does not appear to be asserted against Mr. Hall. In addition, the conversion claim is directed only at Jason Hall and does not include any existing parties. *See, e.g., id.* ¶ 76 ("As a result of Jason Hall's conversion of [ ] DP Research's property, DP Research has been damaged."). The remaining two counterclaims include allegations regarding Mr. Hall and

existing parties. *See, e.g., id.* ¶¶ 58 ("Jason Hall and JH had a duty to maintain the secrecy of these trade secrets and not to utilize the trade secrets for their own benefit or the benefit of any third party."), 69 ("Jason Hall and JH owed a duty of loyalty or fiduciary duty to DP Research.").

Accordingly, Jason Hall is properly named as a counterclaim defendant regarding the misappropriation of trade secrets and the breach of the duty of loyalty counterclaims. However, Jason Hall is not a counterclaim defendant regarding the breach of contract claim or the declaratory judgment claim because these claims are not asserted against him. In addition, the conversion counterclaim, which is asserted against Jason Hall only, cannot stand as a counterclaim pursuant to Fed. R. Civ. P. 13(h) and 20 because it is not asserted against any existing party. Instead, this claim may be properly characterized as a third-party claim brought pursuant to Fed. R. Civ. P. 14 against Jason Hall as a third-party defendant. *See Chimney Rock Pub. Power Dist. v. Tri-State Generation & Transmission Ass'n*, 2013 WL 4494284, at *1 n.1 (D. Colo. Aug. 21, 2013); *L&W Innovations, LLC*, 2009 WL 189942, at *2-3 (discussing counterclaims and third-party claims brought pursuant to Fed. R. Civ. P. 13 and 14).

Pursuant to Fed. R. Civ. P. 14(a), a defendant may file a complaint as a third-party plaintiff

> [a]t any time after commencement of the action . . . [against] a person not a party to the action who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."

Fed. R. Civ. P. 14(a)(1). The Court notes that in this case Defendants did not seek leave to file a third-party complaint against Jason Hall pursuant to Rule 14 and have not filed a

7

third-party complaint. Further, Defendants' original Answer and Counterclaims [#16] was filed on September 18, 2013. Therefore, if Defendants wish to file a third-party complaint against Jason Hall to assert a conversion claim, they must seek leave of the Court.

### III.  CONCLUSION

For the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motion [#59] is **GRANTED in part** and **DENIED in part**.

IT IS FURTHER **ORDERED** that to the extent the Motion asks the Court to reform the caption of the case because the counterclaims alleging misappropriation of trade secrets and breach of the duty of loyalty, as asserted against Jason Hall, are third-party claims, not counterclaims, the Motion [#59] is **DENIED**.

IT IS FURTHER **ORDERED** that to the extent the Motion [#59] asks the Court to reform the caption of the case because the conversion counterclaim, as asserted against Jason Hall, is a third-party claim, not a counterclaim, the Motion is **GRANTED in part** and **DENIED in part**. The Court finds that the conversion counterclaim is a third-party claim, but at this time, the Court will not modify the caption to reflect that distinction because Defendants did not seek leave to file a third-party complaint. For the parties' clarification, the Court has reconfigured the caption of this case as reflected above to clarify the roles of the parties.

Dated:  September 3, 2014

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge